E-FILED
Wednesday, 12 April, 2006   11:47:05 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DON BENNY ANDERSON, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-1042 |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

### O R D E R

This matter is now before the Court on Anderson's Motion for Writ of Error Coram Nobis.  For the reasons set forth below, the Motion is construed as an untimely and successive Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and is dismissed for lack of jurisdiction.

#### Background

On September 26, 1980, Defendant, Don Benny Anderson ("Anderson"), was convicted of execution of a document by deception in the District Court of Harris County, Texas.  As a result of Anderson's failure to appear on the scheduled sentencing date, he was not sentenced until June 14, 1984, at which time he was sentenced to five years' imprisonment.  This sentence has now been fully served and is therefore expired.

Anderson filed two petitions for habeas corpus relief in the United States District Court for the Northern District of Texas on February 10, 2003, and July 14, 2003.  The first petition was dismissed without prejudice for failure to exhaust administrative remedies, and the second petition was dismissed with prejudice.  Undaunted, Anderson proceeded to file two more petitions challenging his expired Texas state sentence in this judicial district.  On

June 1, 2005, he filed a petition collaterally attacking his Texas state conviction, which was denied because the sentence had expired.  Finally, Anderson filed yet another petition on November 15, 2005, raising the same arguments that were previously rejected in his June 1, 2005, petition; this petition was also denied.

Anderson has now filed a Motion for Writ of Error Coram Nobis in which he again attempts to collaterally challenge his conviction and sentence in the state of Texas.  This Order follows.

## Discussion

The Seventh Circuit has rejected the use of Writs of Error Coram Nobis as a means of circumventing the procedural bars imposed by motions brought pursuant to § 2255.  Specifically, the Court of Appeals has held:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning.  See, e.g. *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000) (application for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence).  Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover.  See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001).  Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004); *see also*, Cooper v. United States, 199 F.3d 898, 901 (7th Cir. 1999), *citing* In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Godoski v. United States, 304 F.3d 761, 1650-51 (7th Cir. 2002).

Paragraph 1 of § 2254 provides that the court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Anderson's Motion for Writ of Error Coram Nobis alleges that fundamental error occurred in his Texas state criminal proceedings because the state court lacked jurisdiction for a variety of reasons. Such claims are well within the coverage of ¶1 of § 2254. Thus, under the reasoning of Melton, which this Court finds to be equally applicable to petitions attacking state court convictions, the present filing is actually a motion under § 2254, which the Court is required to dismiss for lack of jurisdiction because Anderson has not received permission from the Seventh Circuit to commence a second or successive collateral attack and also because any such petition would appear to be untimely.

### Conclusion

For the foregoing reasons, Anderson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED FOR LACK OF JURISDICTION. The Motion to Expedite [#2] is DENIED AS MOOT. This matter is terminated.

ENTERED this 12th day of April, 2006.

        s/ Michael M. Mihm
        Michael M. Mihm
        United States District Judge